DocuSign Envelope ID: 99D6C2E6-7366-49D0-B5E0-B397889AE9DF

## ADDENDUM TO FRANCHISE AGREEMENT

This Addendum to Franchise Agreement (the "Agreement") is hereby made and entered into on 12/27/2022 (the "Effective Date"), by and between: (i) SLLR Enterprises, LLC, a North Carolina limited liability company with its business address at 13620 Reese Blvd Suite 300, Huntersville, NC 28078 (the "Franchisor"); and (ii) **Rock Island Fitness, Inc.** a(n) **Limited Liability Company** with a business address at **381C Nesconset Hwy, Hauppauge, NY 11708** ("Franchisee").

### BACKGROUND

A. On or around **August 30, 2022** Franchisor and Franchisee entered into a franchise agreement (the "Franchise Agreement") pursuant to which Franchisee obtained the right and undertook the obligation to own and operate a RockBox Fitness franchised business (the "Franchised Business") within a defined geographical area as set forth more fully therein (the "Territory").

B. Franchisee approached Franchisor seeking to temporarily suspend services provided by the Managed Member Acquisition Center ("MMAC" as referenced in the amendment to section 3.5 of the Franchise Agreement.

C. Franchisor is willing to suspend services provided by the MMAC indefinitely but retains the right to reinstate Franchisee into MMAC at Franchisor's discretion.

### AGREEMENT

In consideration of the mutual covenants contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is acknowledged, and intending to be legally bound, the parties agree as follows:

1. **Background; Definitions.**

    a. The parties hereby incorporate by reference all provisions, including definitions, set forth in the Background of this Agreement, as if fully set forth herein.

    b. The parties further agree and acknowledge that all capitalized terms in this Agreement that are not specifically defined herein will be afforded the meaning they are afforded in the Franchise Agreement.

2. **Release.** As consideration for Franchisor entering into this Agreement, Franchisee, for itself and all persons and entities claiming by, through, or under it, hereby release, acquit and forever discharge Franchisor and its present and former officers, employees, members, managers, shareholders, directors, agents, servants, representatives, affiliates, successors, and assign (the "Franchisor Releasees") from all claims, debts, demands, liabilities, costs, attorneys' fees, actions or causes of action, whether known or unknown, which Franchisee, by itself, on behalf of, or in conjunction with any person, persons, partnership or corporation, have, had or claims to have against the Franchisor Releasees arising out of or related to: (i) the offer and sale of the rights under the Franchise Agreement, or any other franchise rights granted by Franchisor as part of any other agreement entered into between Franchisor and Franchisee or affiliate of the same; (ii) the parties' respective rights and obligations under the Franchise Agreement; and any other franchise agreement or other contract that Franchisee has entered into with any Franchisor Releasee that have accrued as of the date of this Agreement; or (iii) any other franchise-related statute,

law or regulation that is applicable to the parties' relationship. Franchisee represents and warrants that it (a) has not assigned any of the claims released in this Section, and (b) will not initiate, or assist or cooperate with any third party in connection with, an action or other proceeding against any Franchisor Releasee in connection with the claims released in this Section.

       3.     **Sale or Assignment.** Franchisee's rights under this Agreement are personal and Franchisee may not sell, transfer, or assign any right granted herein without Franchisor's prior written consent, which may be withheld in its sole discretion. Franchisor has the right to assign this Agreement in whole or in part in its sole discretion.

       4.     **Confidentiality.** Franchisee agrees to maintain the confidentiality of this Agreement and must not disclose the terms of this Agreement to any person or persons, except (a) their professional advisors for legitimate business purposes or otherwise as required by law, or (b) as Franchisor otherwise specifically approves in writing in advance of such disclosure.

       5.     **Construction of Language.** The language of this Agreement will be construed according to its fair meaning, and not strictly for or against either party. The parties have had a reasonable opportunity to review this Agreement. In the event of an ambiguity or if a question of intent or interpretation arises, this Agreement shall be construed as if drafted jointly by all of the parties, and no presumptions or burdens of proof shall arise in favor of any party by virtue of the authorship of any of the provisions of this Agreement. Headings are for reference purposes and do not control interpretation.

       6.     **Entire Agreement.** The Franchise Agreement and this Agreement constitute the entire, full, and complete agreement between the parties concerning the matters herein and supersede any and all prior agreements. In the event of a conflict between the terms of the Franchise Agreement and this Agreement, the terms of this Agreement shall control. Except as set forth in this Agreement, all the other terms and conditions of the Franchise Agreement are hereby ratified and confirmed, including the provisions related to governing law, venue, dispute resolution, waivers and other enforcement-related provisions that shall also apply to all claims, disputes or causes of action arising out of or related to this Agreement.

**IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have duly executed and delivered this Agreement on the date first written above.**

| FRANCHISOR | FRANCHISEE |
|---|---|
| **SLLR ENTERPRISES, LLC** | **Rock Island Fitness, Inc.** |
| By: _(DocuSigned by: Roger Martin, 338E197E7BE54F8...)_ | By: _(DocuSigned by: Joe Colombo, A606D8114D36416...)_ |
| Name: Roger Martin | Name: Joe Colombo |
| Title: CEO | Title: VP |
| Date: 12/27/2022 | Date: 12/27/2022 |

DocuSign Envelope ID: 99D6C2E6-7366-49D0-B5E0-B397889AE9DF

DocuSign Envelope ID: 99D6C2E6-7366-49D0-B5E0-B397889AE9DF

By: _____
       *DocuSigned by:*
       A0F1CEFDB767470...

Name: Doreen Colombo

Title: President

Date: 12/27/2022